UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 4:10-cr-24 |
| v. ) | |
| ) | Judge Mattice |
| DANIEL DILG ) | |

## **MEMORANDUM AND ORDER**

Before the Court is the Objection to Report and Recommendations [Court Doc. 91] by Defendant Daniel Dilg.

Mr. Dilg filed his Motion to Suppress Statement made by Defendant [Court Doc. 68] on April 21, 2011. The Government filed its Response to Motion to Suppress [Court Doc. 76] on May 5, 2011. The Court referred the Defendant's Motion to Suppress Statement Made by Defendant to United States Magistrate Judge William B. Mitchell Carter on April 21, 2011. [Court Doc. 69]. Magistrate Judge Carter held an evidentiary hearing on Mr. Dilg's Motion on June 1, 2011 and June 22, 2011, and filed his Report and Recommendation (R&R) [Court Doc. 90] denying such motion on July 22, 2011.

On August 2, 2011 Mr. Dilg timely filed the instant Objection to Report and Recommendations and the Government timely filed its Response [Court Doc. 92].

For the reasons explained below, the Court will **ACCEPT** and **ADOPT** Magistrate Judge Carter's Report and Recommendation and will **DENY** Mr. Dilg's Motion to Suppress Statement Made by Defendant.

**I.     STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the Report and

Recommendation to which objection is made and may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(c).

## II. FACTS

In his Report and Recommendation, Magistrate Judge Carter summarizes the relevant facts which were elicited at the evidentiary hearing on Mr. Dilg's instant Motion [R&R at 1-8]. In his instant Motion, Mr. Dilg has not objected to Magistrate Carter's statement of Relevant Facts *per se*.

Rather, Mr. Dilg challenges Magistrate Judge Carter's conclusion that the Relevant Facts as found entitle him to suppression of the evidence. Mr. Dilg has not requested that the Court hold another evidentiary hearing on his instant motion and, based on a careful review of the R&R, the Court finds no reason to do so. Therefore, the Court will **ACCEPT** and **ADOPT** by reference Magistrate Judge Carter's statement of Relevant Facts as set forth in his R&R [Court Doc. 90, pp. 1-8], and will refer to such facts herein only as needed.

## III. ANALYSIS

Mr. Dilg advances three objections to Magistrate Judge Carter's Report and Recommendation. The Court will address each in turn.

Mr. Dilg's first objection is that "[t]he Defendant did ask for an attorney, the police called the attorney, Brian O'Shaughnessy, who said he was not hired. The police then should have told the Defendant that he had the right to leave or reschedule to get another attorney."

Mr. Dilg cites no authority for his assertion that the police were under some obligation to advise Mr. Dilg that he had the right to leave or reschedule his interview with

authorities so that he might have additional time in order to secure the services of an attorney other than Mr. O'Shaughnessy if he so wished, and the Court is aware of none.

As Magistrate Judge Carter correctly concluded in the R&R, Mr. Dilg was not "in custody" at the Grundy County's Sheriff's Department on November 3, 2009 for purposes of the Fifth Amendment. Magistrate Judge Carter expressly found Mr. Dilg's testimony that he had advised the authorities that he would not voluntarily come to the Sheriff's office without an attorney to be incredible. Based on that finding, Magistrate Judge Carter concluded that Mr. Dilg had gone to the Sheriff's office voluntarily and once there – and despite the fact that he was not in custody – had voluntarily and knowingly waived his *Miranda* rights. The waiver of rights form executed by Mr. Dilg which was introduced into evidence at the evidentiary hearing [*see* Government Exhibit C] supports Magistrate Judge Carter's conclusion in this regard, and the Court can find nothing in the record which suggests that Magistrate Judge Carter's findings and conclusion were in any way erroneous.

Mr. Dilg's second objection is that "[t]he Defendant could not read the statement, nor did the police read the statement that the police wrote back to him to make sure that the Defendant understood what he was signing. For the statement to be used against the Defendant, the Government must show the Defendant knew and understood what he was signing."

At the evidentiary hearing of this matter, Craig Frost, a law enforcement officer with eleven years experience and assigned to the Tennessee Bomb and Arson Department, testified that after Mr. Dilg knowingly and voluntarily waived his *Miranda* rights, Mr. Dilg answered questions put to him by the officers present and, based on those answers,

Officer Frost accurately transcribed Mr. Dilg's statement, as derived from those answers. Officer Frost further testified that he read the statement he had transcribed to Mr. Dilg, provided the statement to Mr. Dilg to read for himself, and then ask Mr. Dilg if he wanted to make any changes. Officer Frost testified that Mr. Dilg responded that he did not.

At Officer Frost's request, Mr. Dilg then initialed each paragraph of the written statement to indicate that he agreed with it. He [Mr. Dilg] also signed the statement at the bottom [*see* Government Exhibit D]. In his Report and Recommendation, Magistrate Judge Carter specifically found Officer Frost to be a credible witness, but found Mr. Dilg to be an incredible witness. The Court finds nothing in the record to suggest that Magistrate Judge Carter findings in this regard are in error.

Mr. Dilg's final objection to the Report and Recommendation is that "[t]he time that was written on the rights waiver and the time on the statement are different with the rights waiver being signed five minutes after the statement time. The police did not know when the interview ended, but knew when it began. Since they were the ones to fill out the time on both documents, the Court should hold them to the time on both documents."

Magistrate Judge Carter addressed this apparent discrepancy in the times recorded on the various documents presented as exhibits at the evidentiary hearing in his R&R, and credited the testimony of both Officer Frost and Grundy County Chief Deputy Lonnie Cleek to the effect that the discrepancies were simply the result of clerical errors on their part. In footnote 1 to the Report and Recommendation, Magistrate Judge Carter admonished that "[l]aw enforcement are urged to be more careful in the future to avoid this same confusion." The Court can find nothing in the record to suggest that Magistrate Judge Carter's conclusion that the apparent discrepancies in the times reflected on the relevant

documents of the various documents was anything other than a clerical error.

**IV.    CONCLUSION**

For the reasons stated above, the Court will **ACCEPT and ADOPT** Magistrate Judge Carter's Report and Recommendation [Court Doc. 90]. Mr. Dilg's Objection to Report and Recommendation [Court Doc. 91] is **OVERRULED**, and his Motion to Suppress Statement by Defendant [Court Doc. 68] is **DENIED.**

SO ORDERED this 23rd day of March, 2012.

> */s/Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE